UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    )
                                          )
                                          )   CHAPTER 13
ALTHEE BOLTON                             )
                                          )
                                          )   CASE NUMBER 15-64153 BEM
    Debtor                                )
                                          )

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Debtor has filed a Motion to Incur Debt by Modifying Mortgage and related papers with the Court seeking an Order as to the same.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at <u>Courtroom 1402, Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, GA 30303 at 11:00 am on September 13, 2016.</u>

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have any attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: **Clerk, U.S. Bankruptcy Court, Room 1340, Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, GA 30303.** You must also mail a copy of your response to the undersigned at the address stated below.

Dated: August 8, 2016

Respectfully submitted,

/s/
Tiffini C. Bell
Attorney for Debtors
GA Bar No. 676971
The Law Office of Tiffini C. Bell
201 17th Street, Suite 300
Atlanta, GA 30363
678-723-5501 Telephone
404-393-9158 Facsimile
tcblawoffice@gmail.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                              )
                                    )     CHAPTER 13
ALTHEE BOLTON                       )
                                    )     CASE NUMBER 15-64153 BEM
   Debtor                           )
                                    )

## MOTION TO INCUR NEW DEBY BY MODIFY MORTGATGE

COMES NOW, the Debtor in the above styled Chapter 13 case, and through counsel, file this "Motion to Modify Mortgage" by showing to this honorable Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1334, 151, 157.

2.

This Court has proper venue for this matter pursuant to 28 U.S.C. Section 1409.

3.

This matter is a core proceeding as defined in 28 U.S.C. Section 157 (b)(2)(D).

4.

The Debtor filed the petition for relief in the above –styled Chapter 13 case on October 13, 2015.

5.

The Debtors has been offered and opportunity to modify their mortgage loan with Bayview Loan Servicing. The unpaid principal balance on the loan will be $120.110.68. Under the modified agreement, The Debtor's Mortgage payment will be reduced from $645.00 to $474.16. This payment includes property taxes and insurance. The Loan Modification Agreement is attached as "Exhibit A."

6/

This Modification will bring the Debtors current on their mortgage.

7.

The Debtors has been approved for such modification. The Debtors believe
s that attaining this modification is in the best interest of the estate and her creditors and that such a modification will assist in the effectuation of the Debtor's financial reorganization

WHEREFORE, Debtor prays that:

a. This Motion is read and considered
b. This Motion is granted
c. This Court grants the Debtor such other and further relief as the Court determines to be just and equitable.

Dated: August 8, 2016

Respectfully submitted,

/s/
Tiffini C. Bell
Attorney for Debtors
GA Bar No. 676971
The Law Office of Tiffini C. Bell
201 17th Street, Suite 300
Atlanta, GA 30363
678-723-5501 Telephone
404-393-9158 Facsimile
tcblawoffice@gmail.com

EXHIBIT A

Case 15-69739-sms    Doc 38    Filed 08/08/16    Entered 08/08/16 11:25:31    Desc Main
Document      Page 4 of 11

After Recording Return to:

Bayview Loan Servicing, LLC
Attn: Collateral Department
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

_____ [Space Above This Line For Recording Data] _____

## LOAN ADJUSTMENT AGREEMENT

This loan adjustment agreement is made and entered into as of JULY 05, 2016      (the Effective Date ), by and between, Bayview Loan Servicing, LLC, ("Servicer") and ALTHEE BOLTON ("Borrower").

### RECITALS

A. Servicer is the holder or servicing agent of the holder of that certain Promissory Note ("Note") dated 04/14/2009, executed by Borrower or Borrower's predecessor-in-interest in the original principal sum of $120,413.00.

B. The note evidences a loan ("Loan") to Borrower or Borrower's predecessor-in-interest on 04/14/2009, in the original principal sum of $120,413.00 along with a Deed of Trust or Mortgage ("Security Instrument") securing said Note. The Security Instrument creates a secured lien on certain real property ("Property") owned by Borrower (and is more specifically described in the Security Instrument). The Note and Security Instrument and all other loan documents related to the Loan are hereinafter collectively referred to as the "Loan Documents".

C. Due to adverse economic circumstances, Borrower has requested Servicer to adjust the scheduled amortization of the Note to permit Borrower to meet Borrower's obligations to Servicer in full and in a timely manner. The requested adjustment will benefit Borrower, Servicer and any junior lien holder, by avoiding the possible foreclosure of the Loan by Servicer. Accordingly, it is considered to be in the best interest of all concerned to enter this Loan Adjustment Agreement ("Agreement").

D. Borrower hereby agrees that this Agreement may only become effective upon Borrower's completion of the Stipulation Agreement dated JULY 05, 2016     . If Borrower successfully completes all the terms of said Stipulation, Servicer will execute this Agreement and adjust the Loan accordingly. However, said execution is subject to Borrower's addressing and clearing of any and all title issues to Servicer's satisfaction. All payments made pursuant to the Stipulation Agreement (with the exception of the down payment mentioned below) will be credited to payments due under this Agreement.

E. Both Borrower and Servicer hereby agree that Servicer may, in its sole discretion, record this Agreement.

### AGREEMENT

NOW, THEREFORE, Borrower and Servicer hereby agree as follows:

1. **NOTE MODIFICATIONS:**
   (a) **Outstanding Debt:**
   Borrower agrees that the unpaid principal balance due on the Note of $121,183.52 (including credit for Stipulation Agreement downpayment), shall be decreased by $1,072.84 the amount of the unpaid installments, interest, late charges, fees and costs, and, if applicable, any advances for unpaid property taxes and/or insurance premiums ("Unpaid Sums Due"), for a total unpaid principal balance due of $120,110.68 ("New Balance"). Based on the consideration listed above, and other good and valuable consideration, Servicer agrees to defer and waive interest upon $49,784.92 ("Deferred Balance") of the New Balance until the loan matures on 03/01/2051 at which time the Deferred Balance shall be immediately due and payable as a balloon payment, as well as any outstanding amounts due under the terms of the mortgage. In the event that the Deferred Balance is not paid timely as agreed or in the event of a default under this agreement or the loan documents, interest shall accrue on the Deferred Balance at the rate in effect on the loan immediately prior to maturity or the time of default, and will adjust thereafter according to the terms of the Note. Borrower agrees to the accuracy of the allegations contained in the above Recitals as well as to the authenticity and validity of each document referred to herein and to the validity of the unpaid sums due and the New Balance. Interest and payments will accrue on the New Balance at the interest rates, whether adjustable, variable or fixed, provided in the Note, unless modified by this Agreement.

   (b) **New Monthly Payments, Payment Adjustments:**

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-3 | 2.598% | 03/01/2016 | $255.12 | $219.04 | $474.16 | 04/01/2016 | 36 |
| 4 | 3.598% | 03/01/2019 | $291.73 | Adjust Annually | Adjust Annually | 04/01/2019 | 12 |
| 5-35 | 4.250% | 03/01/2020 | $316.38 | Adjust Annually | Adjust Annually | 04/01/2020 | 372 |

Effective on 03/01/2020, Borrower's rate of interest will be 4.25% and will remain fixed for the remaining life of the loan.

(c) New Maturity Date:
The maturity date will be 03/01/2051, on which date any unpaid interest and all other sums due shall be paid in full.

2. **ESTABLISHMENT OF IMPOUND/ESCROW ACCOUNT:**
Borrower acknowledges that Servicer will establish an impound/escrow account for the collection of property taxes and insurance premiums if such account is not currently in existence. Servicer will analyze the impound/escrow account from time to time. As a result of this analysis, the escrow portion of Borrower's monthly payment may change. Borrower further acknowledges that the escrow portion of his/her monthly payment may be substantially higher than the estimate. (Note: In certain states, impound/escrow accounts do not collect for payment of taxes pertaining to Bond/Special Assessments and Irrigation/Water District).

3. **AGREEMENT NOT TO ENCUMBER:**
Borrower agrees that it will not voluntarily or involuntarily: (i) grant any interest in or option with respect to, any of the Property; or (ii) create or permit to exist any lien, security interest, or other charge or encumbrance upon or with respect to any of the Property, except for Servicer's already existing security interest and lien, or sell the Property for the benefit of itself or any party or in any manner other than that contemplated by this Agreement.

4. **ASSIGNMENT OF LEASES AND RENTS AND RECEIVERSHIP:**
The existing Mortgage and Note shall be amended to include the following: In the event the loan is in default and Borrowers are generating any gross income from the property by virtue of a tenancy or any other arrangement, Borrowers agree to assign and transfer to Servicer the right title and interest of Borrower in all existing and future leases and agreements whether or not in writing, and any rents and deposits derived and collected therefrom, affecting and pertaining to the use enjoyment or occupancy of any part of the premises. Borrower consents to the entry by Servicer, Servicer's agent, or court appointed receiver or designee, to enter the premises to collect the rents and enforce the leases. Borrower further consents to the appointment of a court appointed Receiver in the event the loan is in default.

5. **NO OTHER CHANGES:**
Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations, and conditions in the Note and the Security Instrument remain unmodified and in full force and effect. The Security Instrument continues to secure on a first and prior lien basis the due and punctual payments of the Note, as modified by this Agreement. None of Borrower's obligations or liabilities under the Security Instrument shall be diminished or released by any provisions herein. Nor shall this Agreement in any way impair, diminish, or affect any of the Borrower's rights or remedies in the Security Instrument whether such rights or remedies arise herein or by operation of law. Any inserted terms, changes or additions to this Agreement will immediately render it null and void. Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing the below Borrower has voluntarily signed this Agreement.

**6. NO RELIANCE; CONSTRUCTION:**
Each of the parties hereto hereby declares that, prior to the execution of this Agreement, they have apprized themselves of sufficient relevant data in order that they might intelligently exercise their own judgments in deciding on the contents of this Agreement and whether to execute this Agreement. Borrower declares that his/her decision to execute this Agreement is not as a result of undue influence or duress, and not predicated on or influenced by any declarations or representations not set forth in this Agreement, by Servicer, or any other person or party or any predecessors in interest, its successors, assigns, officers, directors, employees, agents or attorneys. Each of the parties hereto hereby further acknowledges and agrees that each of them has had significant input in the development of this Agreement and this Agreement shall not therefore be construed.

**7. NO ORAL MODIFICATION:**
This Agreement may not be amended or modified in any way except by a written instrument executed by all of the parties hereto.

**8. SUCCESSORS AND ASSIGNS:**
This Agreement shall be binding upon and inure to the benefit of the signatories to this Agreement and each of their respective successors and assigns. The obligations of the signatories to this Agreement shall not be delegated or assigned.

**9. ATTORNEY'S FEES:**
In the event that any party hereto brings suit for the collection of any damages resulting from, or the injunction of any action constituting, a breach of any terms or provisions of this Agreement, then the prevailing party shall be entitled to recover all reasonable court costs and attorney's fees, at all levels.

Borrower and Lender agree that if there is a pending foreclosure action that results in a voluntary dismissal as a result of a modification or a similar settlement between Borrower and Lender then Borrower and Lender will each pay for their respective attorney fees and costs and neither party will be responsible for the other parties attorneys fees and costs.

**10. PARTIAL INVALIDITY:**
If any term, covenant or condition of this Agreement or its application to any person or circumstances shall be held to be illegal, invalid or unenforceable, the remainder of this Agreement or the application of such term or provisions to other persons or circumstances shall not be affected, and each term hereof shall be legal, valid and enforceable to the fullest extent permitted by law, unless an essential purpose of this Agreement would be defeated by the loss of the illegal, unenforceable, or invalid provision. In the event of such partial invalidity, the parties shall seek in good faith to agree on replacing any such legally invalid provisions with valid provisions which, in effect, will, from an economic viewpoint, most nearly and fairly approach the effect of the invalid provision and the intent of the parties in entering into this Agreement.

IN WITNESS WHEREOF, Servicer and Borrower have executed this Loan Adjustment Agreement,

Borrower:

By: _____   Date: _____
ALTHEE BOLTON

Servicer:

By: _____   Date: _____
Vice President, Bayview Loan Servicing, LLC

Licensed Loan Originator: Louis Ferrante
MLO License Number: 988031
Direct:  877-650-0140 Ext. 1361  Monday - Friday 9:00 am to 6:00 pm ET
Fax:     877-360-9593

## NOTARY ACKNOWLEDGEMENT

STATE OF _____ )
                              ) SS
COUNTY OF _____ )

On _____, before me, _____ a notary public for and within the said county, personally appeared, _____
_____, as the Borrower(s), personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By: _____
Notary Public: _____
My Commission Expires: _____

AM013  Loan No.: 995544

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| ALTHEE BOLTON ) | |
| ) | CASE NUMBER 15-64153 BEM |
| Debtor ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I am more than 18 years of age and that I have this day served a copy of the within Motion to Incur by Modifying Mortgage and Notice of Hearing upon the following by depositing a copy of the same in U.S. Mail/Certified Mail with sufficient postage affixed thereon to ensure delivery:

| Althee Bolton<br>2102 Sandtree Court SW<br>Atlanta, GA 30331 | Mary Ida Townson<br>Chapter 13 Trustee<br>191 Peachtree Street, Suite 2200<br>Atlanta, GA 30303 | Anthony Maselli<br>Shaprio PEndergast & Hasty, LLP<br>211 Perimeter Center Parkway<br>Suite 300<br>Atlanta, GA 30346 |
|---|---|---|
| Mathew A. Schuh<br>Busch White Norton, LLP<br>3330 Cumberland Blvd, Suite 300<br>Atlanta, GA 30339 | | |

And ALL CREDITORS ON ATTACHED MATRIX

Dated: August 8, 2016

Respectfully submitted,

/s/
Tiffini C. Bell
Attorney for Debtors
GA Bar No. 676971
The Law Office of Tiffini C. Bell
201 17th Street, Suite 300
Atlanta, GA 30363
678-723-5501 Telephone
404-393-9158 Facsimile
tcblawoffice@gmail.com

```
Label Matrix for local noticing              ???                                           ???
113E-1                                       P.O. Box 207871                                660 Plaza Dr
Case 15-69739-bem                            Fort Lauderdale, FL 33329-7871                 Newark, DE 19702-6369
Northern District of Georgia
Atlanta
Mon Aug  8 11:03:01 EDT 2016

Asset Management Holdings                    Asset Management Holdings III, LLC             Bayview Financial Loan
551 North Cattlemen Road                     551 N. Cattlemen Rd Suite 100                  4425 Ponce De Leon Blvd
Sarasota, FL 34232-6448                      Sarasota, FL 34232-6448                        Coral Gables, FL 33146-1873

Tiffini C. Bell                              Bk Of Amer                                     (p)BANK OF AMERICA
The Law Office of Tiffini C. Bell, LLC       1800 Tapo Canyon Rd                            PO BOX 982238
Suite 300                                    Simi Valley, CA 93063-6712                     EL PASO TX 79998-2238
201 17th Street
Atlanta, GA 30363-1191

Althee Linette Bolton                        Brookwood Loans of GA, LLC                     Brookwood Loans of Georgia, LLC
2102 SandTree Court                          PO Box 5970                                    P.O. Box 5970 Alpharetta, GA 30023
Atlanta, GA 30331-8439                       Social Circle, GA 30025

Cavalry Portfolio Serv                       Cavalry SPV I, LLC                             Cba Of Ga Inc
Po Box 27288                                 500 Summit Lake Drive, Ste 400                 64 Sailors Dr Ste 102
Tempe, AZ 85285-7288                         Valhalla, NY 10595-1340                        Ellijay, GA 30540-3744

Cci                                          Cfm Group                                      (p)CHOICE RECOVERY INC
2915 Professional Parkway                    2110 Powers Ferry Suite 465                    1550 OLD HENDERSON ROAD
Augusta, GA 30907-6521                       Atlanta, GA 30339-5062                         STE 100
                                                                                            COLUMBUS OH 43220-3662

Enhanced Recovery Co L                       First Premier Bank                             (p)GEORGIA DEPARTMENT OF REVENUE
8014 Bayberry Rd                             601 S Minnesota Ave                            COMPLIANCE DIVISION
Jacksonville, FL 32256-7412                  Sioux Falls, SD 57104-4868                     ARCS BANKRUPTCY
                                                                                            1800 CENTURY BLVD NE SUITE 9100
                                                                                            ATLANTA GA 30345-3202

Hsbc Bank                                    IRS                                            (p)PENDERGAST AND ASSOCIATES P C
Po Box 9                                     401 W. Peachtree St. NW                        211 PERIMETER CENTER PARKWAY
Buffalo, NY 14240-0009                       Atlanta, GA 30308                              SUITE 300
                                                                                            ATLANTA GA 30346-1305

Montgomery Ward                              N Amer Cr - Mail Onl                           Onyx Accep
1112 7th Ave                                 2810 Walker Road                               27051 Towne Centre Dr
Monroe, WI 53566-1364                        Chattanooga, TN 37421-1082                     Foothill Ranch, CA 92610-2819

Premier Bankcard, Llc                        Quantum3 Group LLC as agent for                QuickClick Loans of Georgia, LLC
c o Jefferson Capital Systems LLC            Sadino Funding LLC                             P.O. Box 5040 Alpharetta, GA 30023
Po Box 7999                                  PO Box 788
Saint Cloud Mn 56302-7999                    Kirkland, WA  98083-0788
```

| | | |
|---|---|---|
| Quickclick<br>PO Box 5040<br>Alpharetta, GA 30023-5040 | Santander Consumer USA<br>Po Box 961245<br>Ft Worth, TX 76161-0244 | Matthew Schuh<br>Kitchens Kelley Gaynes, P.C.<br>Suite 800 - Glenridge Highlands One<br>5555 Glenridge Connector<br>Atlanta, GA 30342-4728 |
| Selene Finance Lp<br>9990 Richmond Ave Ste 40<br>Houston, TX 77042-8500 | (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 | Mary Ida Townson<br>Chapter 13 Trustee<br>Suite 2200<br>191 Peachtree Street, NE<br>Atlanta, GA 30303-1770 |
| U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Spring Street, SW<br>Atlanta GA 30303-3315 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bk Of Amer<br>Po Box 982235<br>El Paso, TX 79998 | Choice Recovery<br>1550 Old Henderson Rd St<br>Columbus, OH 43220 | Georgia Department of Revenue<br>1800 Century Blvd<br>Atlanta, GA 30345 |
| Anthony Maselli<br>Shapiro, Pendergast & Hasty, LLP<br>211 Perimeter Center Parkway, NE<br>Suite 300<br>Atlanta, GA 30346 | Title Max<br>2225 West Broad Street<br>Athens, GA 30606 | (d)TitleMax of Georgia, INC. d/b/a TitleMax<br>15 Bull Street, Suite 200<br>Savannah, GA 31401 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Asset Management Holdings III, LLC | (u)Bayview Loan Servicing, LLC | End of Label Matrix<br>Mailable recipients    36<br>Bypassed recipients     2<br>Total                  38 |